UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA MESA,
an individual,

      Plaintiff,

v.

Case No.:

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

      Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JESSICA MESA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action for damages for Equifax's, Experian's, and Trans Union's violations of the FCRA wherein Equifax, Experian, and Trans Union each failed to include a short statement provided by Plaintiff despite Plaintiff's dispute to

Equifax, Experian, and Trans Union.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3. Defendants are subject to the jurisdiction of this Court, as Equifax, Experian, and Trans Union each regularly transact business in this District.

4. Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Pasco County, Florida.

6. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the State of Georgia, with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

7. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to

adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

11. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

12. Under the FCRA, when a consumer files a statement of dispute, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof. *Id.* at § i(c).

13. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to

that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

15. At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

16. At all material times herein, Equifax, Experian, and Trans Union each report information concerning a consumer credit card account furnished by LVNV, referenced by account number ending -4273 (hereinafter, the "Account").

17. At all material times herein, Equifax, Experian, and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax, Experian, and Trans Union disburse such consumer reports to third parties under contract for monetary compensation.

18.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

19.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### SETTLEMENT AGREEMENT WITH LVNV

20.     During or about 2023, LVNV sued Plaintiff in the County Court of the Sixth Judicial Circuit In And For Pasco County, Florida, County Civil Division Case No. 2023CC000730CCAXES ("Lawsuit").

21.     LVNV's Lawsuit was an attempt to collect the Account.

22.     Soon thereafter, LVNV agreed to dismiss the lawsuit against Plaintiff.

23.     On October 30, 2023, a *Joint Stipulation For Dismissal Without Prejudice* was entered with the Court.

24.     On November 4, 2023, the Honorable Kent Compton, County Court Judge ("Trial Court Judge"), entered an *Order Adopting Joint Stipulation For Dismissal Without Prejudice*.

### DEFENDANTS' CREDIT REPORTING OF THE ACCOUNT

25.     On or about March 12, 2024, Plaintiff obtained a copy of her consumer disclosure reports from Experian, Equifax, and Trans Union, respectively.

26.     Despite LVNV dismissing the lawsuit against Plaintiff no later than

November 4, 2023, LVNV reported the Account to Equifax, Experian, and Trans Union with inaccurate, incomplete, and/or materially misleading information.

27. More specifically, as of March 12, 2024, Equifax, Experian, and Trans Union reported the Account without including a remark that the collection suit against Plaintiff had been voluntarily dismissed by LVNV.

28. The Joint Stipulation is public record and Equifax, Experian, and Trans Union each could have easily verified the legitimacy of the Joint Stipulation by reviewing the publicly-available court docket

29. On or about March 13, 2024, and with the assistance of her attorneys, Plaintiff sent a letter to Equifax, Experian, and Trans Union disputing Defendants' credit reporting of the Account, requesting that Equifax, Experian, and Trans Union delete their reporting of the Account, and demanding that Equifax, Experian, and Trans Union mark the Account as disputed and include the following statement in the remarks pursuant to 15 United States Code Section 1681i(c): "This case was dismissed without prejudice in Court" (hereinafter, "Plaintiff's Dispute").

30. Additionally, Plaintiff's Dispute identified the underlying court case wherein LVNV dismissed the suit against Plaintiff, including the case number, and enclosed a copy of the *Joint Dismissal: Order*.

31. Equifax, Experian, and Trans Union received Plaintiff's Dispute.

32. Equifax failed to include the statement provided by Plaintiff in Plaintiff's Dispute in Plaintiff's credit file after receiving Plaintiff's Dispute.

33. Experian failed to include the statement provided by Plaintiff in

6

Plaintiff's Dispute in Plaintiff's credit file after receiving Plaintiff's Dispute.

34. Trans Union failed to include the statement provided by Plaintiff in Plaintiff's Dispute in Plaintiff's credit file after receiving Plaintiff's Dispute.

## DAMAGES

35. As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

36. As a result of Defendant's conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Tradeline Account without notation regarding the dismissal of the collection suit, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Tradeline Account without notation of the dismissal of the collection suit resulting in the Tradeline Account being reported as a derogatory, negative, or adverse account.

37. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct.

38. Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay

her attorneys a reasonable fee for their services.

39. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

40. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite entering into the Settlement Agreement and performing his obligations under such agreement, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

## COUNT ONE
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(c)
## (as to Equifax, Experian, and Trans Union)

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

41. Equifax, Experian, and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(c) by failing to include either the consumer's statement or a clear and accurate codification or summary of the consumer's statement of dispute.

42. Specifically, Equifax, Experian, and Trans Union willfully and/or negligently refused to include Plaintiff's statement regarding the Account in its reporting of the Account following Plaintiff's Dispute.

43. For example, Plaintiff requested that a short statement be included in the reporting of the Account stating that "This case was dismissed without prejudice in Court" in Plaintiff's Dispute.

44. Moreover, the information regarding the collections lawsuit was public record, accessible by Equifax, Experian, and Trans Union and should have been known to Equifax, Experian, and Trans Union prior to Plaintiff's Dispute.

45. After receiving Plaintiff's Dispute, Equifax, Experian, and Trans Union each failed to include Plaintiff's statement in the remarks section regarding the Account.

46. As stated herein, the Joint Stipulation is public record and Equifax, Experian, and Trans Union each could have easily verified the legitimacy of the Joint Stipulation by reviewing the publicly-available court docket.

47. As a result of Equifax's, Experian's, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making additional credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account without notation of the dismissal of the collection suit resulting in the Tradeline Account being reported as a derogatory, negative, or adverse account.

48. Equifax's, Experian's, and Trans Union's actions were a direct and

proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

49. Equifax's, Experian's, and Trans Union's actions in violation of 15 United States Code, Sections 1681i(c) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Equifax, Experian, and Trans Union for maximum statutory damages for violations of the FCRA;

    b. Actual damages in an amount to be determined at trial;

    c. Compensatory damages in an amount to be determined at trial;

    d. Punitive damages in an amount to be determined at trial;

    e. An award of attorney's fees and costs; and

    f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and

their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

          Respectfully submitted,

          **SWIFT LAW PLLC**

          /s/ *Jon P. Dubbeld*
          **Aaron M. Swift, Esq., FBN 0093088**
          **Jordan T. Isringhaus, Esq., FBN 0091487**
          **Jon P. Dubbeld, Esq., FBN 105869**
          **Sean E. McEleney, Esq., FBN 125561**
          11300 4th Street N., Suite 260
          St. Petersburg, FL 33716
          Phone: (727) 755-3676
          Fax: (727) 255-5332
          aswift@swift-law.com
          jisringhaus@swift-law.com
          smceleney@swift-law.com
          jmurphy@swift-law.com
          *Counsel for Plaintiff*